UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

ALBER SAMAME, on behalf of himself and others similarly situated,

                            *Plaintiff,*

            -against-

JOSEPH CORY HOLDINGS LLC d/b/a CORY 1ST CHOICE HOME DELIVERY, JOSEPH CORY HOLDINGS, LLC OF NEW YORK d/b/a CORY 1ST CHOICE HOME DELIVERY, CJJC TRUCKING CORP., EDGAR PEREZ, XYZ CORPORATIONS 1-99 (FICTITIOUS ENTITIES) and JOHN DOE 1-99 (FICTITIOUS PERSONS),

                            *Defendants,*

----------------------------------------------------------------X

Case No.: 18-cv-283

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b) and RULE 23 CLASS ACTION**

ALBER SAMAME ("Plaintiff"), by and through his attorneys, FRANK & ASSOCIATES, P.C., brings this Complaint against Defendants JOSEPH CORY HOLDINGS LLC d/b/a CORY 1ST CHOICE HOME DELIVERY, JOSEPH CORY HOLDINGS, LLC OF NEW YORK d/b/a CORY 1ST CHOICE HOME DELIVERY, CJJC TRUCKING CORP., EDGAR PEREZ, XYZ CORPORATIONS 1-99 (FICTITIOUS ENTITIES) and JOHN DOE 1-99 (FICTITIOUS PERSONS) (collectively, "Defendants"), and respectfully alleges as follows:

## INTRODUCTION

1. Plaintiff alleges that Defendants violated the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §§ 201, *et seq.*, and that he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) liquidated damages, (c) pre-judgment and post-judgment interest and (d) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law ("NYLL"), he is entitled to recover from Defendants: (a) unpaid overtime compensation, (b) unpaid minimum wages, (c) liquidated damages and civil penalties pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act; (d) pre-judgment and post-judgment interest; and (d) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over all federal law claims pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331 and supplemental jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391 because the events or omissions giving rise to the claim for unlawful employment practices occurred in Suffolk County, New York.

## PARTIES

5. Plaintiff is a resident of the State of New York who resides in the County of Suffolk.

6. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e) and NYLL § 190(2).

7. Upon information and belief, Defendants Joseph Cory Holdings LLC and Joseph Cory Holdings, LLC of New York, both doing business as Cory 1st Choice Home Delivery, (collectively "Cory") were and still are registered foreign limited liability companies, incorporated under the laws of the State of Delaware, with a primary place of business at 150 Meadowlands Parkway, Secaucus, New Jersey 07094.

8. At all times relevant to the Complaint, Defendant Cory was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

9. Upon information and belief, Defendant CJJC Trucking Corp. ("CJJC") was and still is a domestic business corporation, incorporated under the laws of the State of New York, with a primary place of business at 617 Southern Parkway, Uniondale, NY 11553.

10. At all times relevant to the Complaint, CJJC was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

11. Defendant Edgar Perez ("Perez") owns and operates CJJC.

12. Defendant Perez has the authority to direct the work of employees, hire and fire employees, determine employee compensation and make payroll decisions for Defendant CJJC.

13. At all times relevant to the Complaint, Defendant Perez was an "employer" within the meaning of 29 U.S.C. § 203(d) and NYLL § 190(3).

14. Upon information and belief, Defendants XYZ Corporations 1-99 (Fictitious Entities) are corporations which employ one or more members of the proposed collective and proposed class.

15. Upon information and belief, Defendants John Doe 1-99 (Fictitious Persons) own and operate Defendants XYZ Corporations 1-99 (Fictitious Entities) and have the authority to hire and fire employees, determine employee compensation and make payroll decisions for Defendants XYZ Corporation 1-99 (Fictitious Entities).

16. At all times relevant to the Complaint, Defendants were and are "an enterprise engaged in interstate commerce" within the meaning of the FLSA.

17. At all times relevant to the Complaint, Defendants have and have had employees engaged in the commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

18. At all times relevant to the Complaint, Defendants, jointly, have and have had annual gross volume of sales in excess of $500,000.

## FACTUAL ALLEGATIONS

19. Plaintiff was jointly employed by Defendants Cory, CJJC and Perez from July 2015 to June 30, 2017 as a furniture deliveryman.

20. Plaintiff worked for Defendants at a warehouse located in Melville, New York, which is owned and operated by Defendant Cory. Defendant Cory uses this warehouse to fulfill its contract with Bob's Discount Furniture ("Bob's") to deliver Bob's products to its customers throughout Nassau, Suffolk and Queens counties.

21. In order to deliver Bob's products, Defendant Cory employs a fleet of between forty-three (43) and forty-six (46) delivery trucks at its warehouse in Melville. Each of these trucks is owned by corporations of varying sizes, which contract their services to Cory (the XYZ Defendants). This includes Plaintiff's direct employer, Defendant CJJC, which owns two delivery trucks.

22. Defendant CJJC does not contract its services to anyone else and provides its services solely to Defendant Cory. Upon information and belief, the XYZ Defendants also provide their services solely to Defendant Cory.

23. Indeed, upon information and belief, Defendant Cory requires Defendant CJJC and the XYZ Defendants to work solely for it and not to provide their services to any other company or individual.

24. Defendant Cory employs no trucks of its own and is wholly reliant on Defendant CJJC and the XYZ Defendants to fulfill its contract to deliver Bob's products.

25. Defendant Cory also exercises significant control over the deliveries and the terms and conditions of employment of the deliverymen,[1] most particularly their working hours.

26. The deliverymen are required to arrive at 6:00 AM each day by the warehouse manager, Mike (Last Name Unknown), an employee of Defendant Cory. Mike (Last Name Unknown) additionally provides the deliverymen with the schedule of deliveries they are required to make each day.

27. Pursuant to the schedule provided by Defendant Cory, the deliverymen deliver Bob's products to its customers, without any break, until approximately 5:00 PM each day. If any issues arise during their deliveries, the deliverymen are required to contact Defendant Cory's employees, David (Last Name Unknown) or David (Last Name Unknown), who provide them with instructions on how to resolve the issue.

28. Additionally, if an issue prevented a particular truck from completing its deliveries, Defendant Cory would send another truck, which may or may not be owned by the same company, to complete the route.

29. Upon completion of their deliveries around 5:00 PM, the deliverymen return to the warehouse to prepare for the next day. After returning to the warehouse, the deliverymen clean the truck and are given the schedule of deliveries for the following day by the warehouse manager, Mike (Last Name Unknown). The deliverymen then load the truck with the furniture set forth on schedule given to them by Mike (Last Name Unknown). Due to this additional work, the deliverymen leave between 6:00 PM and 7:00 PM each day.

30. The deliverymen regularly work five days per week with most working, like Plaintiff, Tuesday through Saturday. As detailed above, the deliverymen work, without any break,

---

[1] Unless otherwise indicated, any reference to "the deliverymen" includes Plaintiff.

5

from 6:00 AM to 6:00 PM or 7:00 PM each day for a total of approximately sixty (60) to sixty-five (65) hours per week.

31. The deliverymen, regardless of which company directly employs them, are paid a flat rate of $100 per day for their work. The only difference amongst the deliverymen is that some were paid in cash, while the majority, including Plaintiff, are paid by check. Irrespective of the manner of payment, this daily salary did not vary at all based on the number of hours worked.

32. Defendants failed to compensate the deliverymen at a rate of at least one and one-half times their regular hourly rate for hours worked in excess of forty (40) per week.

33. Defendants also willfully disregarded and purposefully evaded record keeping requirements of the NYLL by failing to maintain accurate records of the hours worked by the deliverymen each week.

34. Defendants did not provide the deliverymen with a complete, true and accurate wage statement including their hourly rate, the overtime hours worked, their accurate gross income, accurate deductions from pay and net wages as required by law.

35. Defendants did not provide the deliverymen with written notice, in English or in their primary language, where applicable, of their rate of pay, the basis thereof, any allowances claimed by the employer, the employer's regular pay day, the name of the employer, including any "doing business names," the employer's address and the employer's telephone number at the time of their hire.

## COLLECTIVE ACTION CLAIMS

36. Plaintiff brings his FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of all similarly situated non-exempt persons who are or were employed by Defendants within three years from the filing of this Complaint ("FLSA Collective").

37. At all relevant times, Plaintiff, and other members of the FLSA Collective, have had substantially similar job requirements and pay provisions.

38. At all relevant times, Plaintiff and other members of the FLSA Collective, have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans of willfully failing and refusing to pay them at least one and one-half times their regular rate for every hour of work in excess of forty (40) hours per workweek.

39. The claims of Plaintiff stated herein are similar to those of the Defendants' other employees.

40. The FLSA Collective is readily identifiable and locatable through the use of Defendants' records. The FLSA Collective should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b). Unless the Court promptly issues such a notice the FLSA Collective, who have been unlawfully deprived of minimum wage and overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld by Defendants.

## CLASS ACTION ALLEGATIONS

41. Plaintiff brings his NYLL claims as a class action pursuant to Federal Rule of Civil Procedure 23 on behalf of all similarly situated non-exempt employees of Defendants who were: (1) not paid overtime for all hours worked in excess of forty (40) each workweek, (2) were not paid minimum wage for all hours worked, (3) not given accurate wage statements and (4) not provided proper notice of their pay rate.

42. Plaintiff is a member of the Class he seeks to represent.

43. Plaintiff reserves the right to amend the Class definition based on discovery.

**Efficiency of Class Prosecution of Class Claims**

44. Upon information and belief, there are many current and former employees who are similarly situated to Plaintiff, who have been underpaid in violation of the FLSA and NYLL. The named Plaintiff is a representative of those other workers and is acting on behalf of the Defendants' current and former employees' interests as well as his own interest in bringing this action.

45. Certification of this class is the most efficient and economical means of resolving questions of law and fact that are common to Plaintiff and members of the proposed class.

46. Plaintiff's individual claims and their resolution will resolve the common questions of the proposed class.

47. A class action is superior to other available methods for the fair and efficient adjudication of this litigation, particularly in the context of a wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of the efforts and expense that numerous individual actions would engender. The adjudication of individual litigation claims would result in a great expenditure of court and public resources. However, treating the claims as a class action would result in a significant savings of these costs. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices and procedures. Although the relative damages suffered by the individual Rule 23 Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. Additionally, class treatment is superior

because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

**Numerosity and Impracticability of Joinder**

48. The persons in the Rule 23 Class identified above are so numerous that joinder of all members is impracticable.

49. The Rule 23 Class Members are readily ascertainable. For the purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

50. Unless the Court promptly issues such notice, persons similarly situated to Plaintiff, who have been unlawfully deprived of overtime pay in violation of the FLSA and NYLL and additionally deprived of prevailing wages, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

51. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing those risks.

**Common Questions of Law and Fact**

52. The adjudication of Plaintiff's claims will directly result in the adjudication of numerous questions of law and fact common to the members of the proposed class.

53. These common issues include, but are not limited to: (a) whether Defendants unlawfully failed to pay proper overtime compensation for hours worked in excess of forty (40) per week in violation of and within the meaning of the FLSA and NYLL; (b) whether Defendants

unlawfully failed to pay minimum wage under the NYLL; (c) whether Defendants have failed to keep true and accurate time records for all hours worked by Plaintiff and the Rule 23 Class; (d) the nature and extent of the Rule 23 Class-wide injury and the appropriate measure of damages for the class; and (e) whether Defendants' general practice of failing and/or refusing to pay Plaintiff and the Rule 23 Class proper compensation was done willfully or with reckless disregard of the federal and state wage and hour laws.

54. The policies, procedures, and practices implemented by Defendants were applied to all members of the proposed class.

55. The claims of Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiffs' claims are typical of those claims which could be alleged by any member of the Rule 23 Class, and the relief sought is typical of the relief which would be sought by each member of the proposed class in separate actions.

56. Plaintiff seeks the following relief for his individual claims and for the claims of the proposed class: (1) unpaid overtime wages for all hours worked in excess of forty (40) per week at a rate of one and one-half times his regular rate of pay; (2) unpaid minimum wages for all hours worked; (3) an equal amount of liquidated damages and (4) damages for Defendants' failure to provide accurate wage statements and accurate notice of pay rate.

**Adequacy of Representation**

57. Plaintiff's interests are akin to those of the members of the proposed class.

58. Plaintiff is willing and able to represent the members of the proposed class and will fairly and adequately represent and protect the interest of the Rule 23 Class.

59. Plaintiff has retained counsel competent and experienced in complex class actions in labor and employment litigation for over fifty (50) years. Plaintiff's counsel can competently

litigate the individual and class claims sufficiently to satisfy Rule 23(a)(4) of the Federal Rules of Civil Procedure.

### FIRST CAUSE OF ACTION
### Failure to Pay Overtime in Violation of the FLSA
### (On Behalf of Plaintiff and the FLSA Collective)

60. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

61. Defendants required Plaintiff and other similarly situated employees to work in excess of forty (40) hours each week and willfully failed to compensate Plaintiff and other similarly situated employees for the time worked in excess of forty (40) hours each week at a rate of at least one and one-half times the greater of their regular hourly rate or the minimum wage in violation of the FLSA.

62. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and other similarly situated employees overtime wages.

63. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. § 255.

64. As a result of Defendants' willful and unlawful failure to pay Plaintiff and other similarly situated employees overtime wages, Plaintiff and other similarly situated employees are entitled to recover their unpaid overtime wages, liquidated damages, attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

### SECOND CAUSE OF ACTION
### Failure to Pay Overtime in Violation of the NYLL
### (On Behalf of Plaintiff and the Rule 23 Class)

65. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

66. Defendants required Plaintiff and the Rule 23 Class to work in excess of forty (40) hours each week and willfully failed to compensate Plaintiff and the Rule 23 Class for the portion of the time worked in excess of forty (40) hours each week at a rate of at least one and one-half times his regular hourly rate in violation of the NYLL.

67. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

68. Due to Defendants' violation of the NYLL, Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

### THIRD CAUSE OF ACTION
### Failure to Pay Minimum Wage in Violation of the NYLL
### (On Behalf of Plaintiff and the Rule 23 Class)

69. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

70. Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff and the Rule 23 Class less than the minimum wage.

71. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class minimum wage.

72. Due to Defendants' violation of the NYLL and its supporting regulations Plaintiff and the Rule 23 Class are entitled to recover from Defendants their unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of this action, and pre-judgment and post-judgment interest.

## FOURTH CAUSE OF ACTION
### Failure to Provide Accurate Wage Statements in Violation of NYLL § 195(3)
### (On Behalf of Plaintiff and the Rule 23 Class)

73. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

74. Defendants failed to provide Plaintiff and the Rule 23 Class with an accurate statement of, *inter alia*, their regular rate of pay, their overtime rate of pay, their hours worked, their regular payday, the name, address and telephone number of the employer, and other information required by NYLL §195(3).

75. Defendants violations of the NYLL and its supporting regulations entitle Plaintiff and the Rule 23 Class to recover damages of $250 per work day, up to a maximum of $5,000, and attorneys' fees and costs.

## FIFTH CAUSE OF ACTION
### Failure to Provide Notice of Pay Rate in Violation of NYLL § 195(1)
### (On Behalf of Plaintiff and the Rule 23 Class)

76. Plaintiff hereby repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

77. Defendants failed to provide Plaintiff and the Rule 23 Class with notice of their pay rate, the basis thereof, the employer's regular pay day, the name, address and telephone number of the employer and other information required by NYLL § 195(1).

78. Defendants' violations of the NYLL and its supporting regulations entitle Plaintiff and the Rule 23 Class to recover damages of $50 per day, up to a maximum of $5,000, and attorneys' fees and costs.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that the Court enter judgment in his favor and against Defendants, containing the following relief:

A. Unpaid overtime wages, minimum wages, and an additional equal amount as liquidated damages, plus interest at the statutory compounded rate of 9% per annum pursuant to New York Labor Law;

B. An award of civil penalties as a result of Defendants' violation of the New York Labor Law's notice provisions pursuant to NYLL §§ 198(1-b) and 198(1-d);

C. Issuance of a declaratory judgment that the practices complained of in this complaint are unlawful under New York Labor Law;

D. All reasonable attorneys' fees and costs incurred in prosecuting these claims; and

E. Such other relief as this Court deems just and proper.

Dated: January 9, 2018  
       Farmingdale, New York

**FRANK & ASSOCIATES, P.C.**

*/s/ Neil Frank*

Neil M. Frank, Esq.  
Joseph A. Myers, Esq.  
500 Bi-County Blvd., Suite 465  
Farmingdale, New York 11735  
Tel: (631) 756-0400  
Fax:(631) 756-0547  
nfrank@laborlaws.com  
jmyers@laborlaws.com  
*Attorneys for Plaintiff*