

**FRANK & ASSOCIATES, P.C.**
THE WORKPLACE LAW FIRM

NEIL M. FRANK, ESQ.

June 7, 2019

**VIA ECF**
The Honorable Arthur D. Spatt
United States District Judge
United States Federal Courthouse
100 Federal Plaza, Courtroom 830
Central Islip, New York 11722

                Re:    **Samame v. Joseph Cory Holdings LLC, et al.**
                       Case No.: 18-cv-283 (ADS)(GRB)

Dear Judge Spatt:

      This firm represents the Plaintiff in the above referenced matter. We are pleased to inform the Court that Plaintiff and Defendants Joseph Cory Holdings LLC d/b/a Cory 1st Choice Home Delivery and Joseph Cory Holdings, LLC of New York d/b/a Cory 1st Choice Home Delivery (the "Joseph Cory Defendants") have reached a settlement in this matter. We now write, jointly with the Joseph Cory Holdings Defendants, to explain why the enclosed settlement is fair and reasonable under *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015) and *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012) and to present the settlement agreement for the Court's approval.

      The purpose of the settlement is to resolve Plaintiff's Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims premised upon unpaid overtime wages, unpaid minimum wages and NYLL § 195. Without admitting that any wages or overtime amounts were withheld from Plaintiff and without admitting to any liability whatsoever, the Joseph Cory Defendants agree to settle on the terms and conditions set forth in the attached settlement agreement to avoid the further burden, expense, and uncertainty of litigation.

**A. The *Wolinsky* Factors**

      The settlement figure is $70,000.00. This number was the product of negotiation between experienced wage and hour litigators on both sides over the course of several months and was reached after more than one (1) year of litigation. Most significantly, though, the settlement figure represents a near one hundred percent (100%) recovery for Plaintiff even if Plaintiff is successful at trial.

      Based on his allegations in this action, Plaintiff calculates his maximum recovery on his wage claims to be approximately $51,000.00. Under the terms of the settlement agreement and after deducting attorneys' fees, Plaintiff, personally, will receive $46,666.66, which is approximately ninety-three percent (93%) of his potential award in a best-case scenario. In

# FRANK & ASSOCIATES, P.C.

addition, assuming *arguendo* that Plaintiff is found to have been an employee of the Joseph Cory Defendants, the Joseph Cory Defendants calculated that only approximately $7,255.37 to $8,987.48 in unpaid wages would be owed. Thus, it is entirely possible that Plaintiff ends up with substantially less than the settlement amount at trial. In addition, should it be determined that only CJJC Trucking Corp. and Edgar Perez employed Plaintiff, nothing would be owed by the Joseph Cory Defendants and a substantial risk of Plaintiff's ability to collect any judgment amount from CJJC Trucking Corp. and Edgar Perez exists. Given the uncertainties of continued litigation and the fact that there remain significant hurdles to Plaintiff's ultimate recovery in this action, particularly holding the Joseph Cory Defendants liable as joint employers, this near one hundred percent recovery represents a fair compromise of Plaintiff's claims. *See Reyes v. Buddha-Bar NYC*, No. 08-cv-02494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (approving FLSA settlement and noting that "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation").

As to attorneys' fees, Plaintiff's counsel will receive $23,333.34. This figure represents the customary contingency fee of 33.3% and does not include any costs incurred by Plaintiff's attorneys in this action. Thus, the amount of attorneys' fees is less than the customary award of 33.3% **plus** costs. Therefore, it is respectfully submitted that the amount of attorneys' fees is also fair and reasonable.

## B. The *Cheeks* Factors

With respect to the *Cheeks* analysis, the settlement agreement does **not** contain any confidentiality provision and the release is limited solely to Plaintiff's wage and hour claims against Defendants.[1] In addition, the non-disparagement provision applies to both Plaintiff and Loryn Marino, who had been the Director, Safety, Risk and Legal Compliance for Joseph Cory Holdings LLC, and contains exceptions permitting Plaintiff and Ms. Marino to provide truthful statements about their experience litigating the action, about Plaintiff's claims in the action, and about the resolution of the action. Accordingly, the language restricted by the *Cheeks* decision is not present in the settlement agreement submitted for the Court's approval. Thus, the parties respectfully request that the Court approve the settlement agreement.

We thank the Court for its time and consideration in this matter.

Respectfully submitted,                    Respectfully submitted,

_/s/Neil M. Frank_                         _/s/Matthew Cohen_
Neil M. Frank, Esq.                        Matthew Cohen, Esq.
**FRANK & ASSOCIATES, P.C.**               **KAUFMAN DOLOWICH & VOLUCK, LLP**
*Attorneys for Plaintiff*                  *Attorneys for the Joseph Cory Defendants*

---

[1] Plaintiff agreed to also include Defendants CJJC Trucking Corp. and Edgar Perez, neither of whom are currently represented, in the release.

**FRANK & ASSOCIATES, P.C.**

cc (via Certified Mail): Edgar Perez
  CJJC Trucking Corp.
  617 Southern Parkway
  Uniondale, NY 11553