18CV283(ADS)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ JUL 10 2019 ★

LONG ISLAND OFFICE

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") is entered into by and among Plaintiff Alber Samame (the "Plaintiff") on the one hand, and Joseph Cory Holdings LLC, d/b/a Cory 1st Choice Home Delivery and Joseph Cory Holdings, LLC of New York, d/b/a Cory 1st Choice Home Delivery (together as "Defendants"), on the other hand.

**WHEREAS**, Plaintiff commenced an action against Defendants and CJJC Trucking Corp., Edgar Perez, XYZ Corporations 1-99 (Fictitious Entities) and John Doe 1-99 (Fictitious Persons), in the United States District Court for the Eastern District of New York (the "Court"), bearing docket no. 18-cv-00283 (ADS)(GRB) (the "Action") by filing a Complaint on January 16, 2018 (the "Complaint") alleging violations of the Fair Labor Standards Act (the "FLSA") and New York Labor Law (the "NYLL") (the "Action");

**WHEREAS**, Defendants timely filed an Answer to the Complaint on February 26, 2018, and deny Plaintiffs' allegations;

**WHEREAS**, Plaintiff and Defendants (hereinafter referred to as "the Parties") desire to resolve all disputes between them without the necessity of further litigation;

**WHEREAS**, this Agreement constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses and of the bona fide dispute between the Parties;

**NOW, THEREFORE**, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1. In consideration of the payment to Plaintiff collectively by Defendants of the gross sum of Seventy Thousand Dollars and Zero Cents ($70,000.00) (the "Settlement Amount"), Alber Samame hereby releases and forever discharges Joseph Cory Holdings LLC, d/b/a Cory 1st Choice Home Delivery, Joseph Cory Holdings, LLC of New York, d/b/a Cory 1st Choice Home Delivery,

1

J.B. Hunt Transport, Inc. ("J.B. Hunt"), CJJC Trucking Corp., Edgar Perez, and J.B. Hunt's and each of Defendants' current and former owners, managers, supervisors, employees, directors, administrators, officers, shareholders, accountants, attorneys, insurers and insurance carriers, and agents, each of J.B. Hunt's and Defendants' heirs, executors, administrators, agents, successors, and assigns, as well as anyone employed by J.B. Hunt and/or any of the Defendants, anyone deemed by Plaintiff to be an "employer" during his alleged employment with any of the Defendants, and J.B. Hunt's and each of the Defendants' predecessors, successors, parent companies, holding companies, and subsidiaries (all said individuals and entities referenced above are, with Defendants, hereinafter collectively referred to jointly and severally as "Releasees"), from any and all known and unknown claims, complaints, causes of action, lawsuits, demands, back-wages, benefits, attorneys' fees, pain and suffering, debts, controversies, damages, judgments, in law or equity, of any kind, nature and character, which Plaintiff, his heirs, executors, administrators, agents, successors, and assigns have, had, or hereafter can have against any of the Releasees from the beginning of time to the date of this Agreement for claims arising under the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages, including but not limited to, all claims set forth in the Action, all claims of unpaid compensation, unpaid minimum wage, unpaid overtime, unpaid commissions, unpaid bonuses, unpaid tips, improper deductions, unpaid spread of hours, unpaid fringe benefits (including any vacation, paid time off, and sick pay), unpaid accrued benefit time, liquidated damages, statutory penalties (including all alleged damages or penalties due to improper wage notices, improper wage statements, and/or timely payment provisions). This Release shall include, without limitation, any and all claims alleged by Plaintiff in this Action, any and all wage and hour claims relating to services performed by Plaintiff on the behalf of any of the Releasees, and any and all wage and hour claims relating to Plaintiff's alleged employment with any of the Releasees.

2

2. The Parties agree to execute a "Stipulation of Dismissal with Prejudice," in the form annexed hereto as **Exhibit A**, which will be filed with the Court along with the Joint Motion for Approval of the Settlement Agreement within seven (7) days after the following conditions are met: (a) Defendants' counsel receives a duly executed Agreement signed and notarized by Plaintiff; (b) Defendants' counsel receives a completed IRS Form W-4 for Plaintiff; (c) Defendants' counsel receives a completed IRS Form W-9 for Plaintiff; (d) Defendants' counsel receives a completed IRS Form W-9 for Plaintiff's counsel; and (e) Defendants' counsel receives a "Stipulation of Dismissal with Prejudice" signed by Plaintiff's counsel.

3. The Parties agree that the Settlement Amount shall be paid as follows:

(a) Within fifteen (15) days of the date the Court approves the settlement and "So Orders" the Stipulation of Dismissal with prejudice, Defendants shall pay the Settlement Amount by issuing:

  i. One (1) check payable to "Alber Samame" in the gross amount of Twenty Three Thousand Three Hundred Thirty Three Dollars and Thirty Three Cents ($23,333.33), less all applicable deductions and withholdings, representing payment for Plaintiff's alleged unpaid wages, for which an IRS Tax Form W-2 may be issued;

  ii. One (1) check payable to "Alber Samame" in the total amount of Twenty Three Thousand Three Hundred Thirty Three Dollars and Thirty Three Cents ($23,333.33), representing payment for Plaintiff's alleged liquidated damages and penalties, for which an IRS Form 1099 may be issued; and

  iii. One (1) check payable to "Frank & Boland, PC" in the total amount of Twenty Three Thousand Three Hundred Thirty Three Dollars and Thirty

3

Four Cents ($23,333.34) representing payment for Plaintiff's attorneys' fees and costs, for which an IRS Tax Form 1099 may be issued.

4. Plaintiff agrees to hold Defendants harmless, and indemnify Defendants from any payments Defendants may be required to make to any taxing authority, as a result of the payment of the Settlement Amount.

5. Plaintiff promises and represents that he will withdraw, with prejudice, any and all outstanding lawsuits, demands, actions, complaints, and/or claims of alleged violations of the Fair Labor Standards Act, New York Labor Law, or any other law, regulation, or ordinance regulating the payment of wages (together "Wage and Hour Violations") concerning Plaintiff's alleged employment with any of the Releasees, filed with any federal, state and local agencies/administrative body or any judicial forum against any of the Releasees. Plaintiff further agrees that he will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any of the Releasees relating to any alleged Wage and Hour Violations that took place at any time, from the beginning of time until the date of this Agreement, as he acknowledges no valid basis for filing such a claim. In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn due to circumstances beyond the control of Plaintiff, Plaintiff promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceeding connected with or resulting from any such complaints, charges, lawsuits, claims, demands or actions, and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Nothing herein shall prevent Plaintiff from filing a charge of discrimination with, or cooperating with an investigation by the EEOC.

6. Plaintiff acknowledges that he has received sufficient consideration as set forth in this Agreement. Plaintiff expressly acknowledges that the release provisions herein shall be given full force and effect in accordance with each and all of the terms and provisions expressed herein, including but not limited to those terms and provisions relating to unknown or unsuspected rights, claims, demands and causes of action, if any, to the same effect as those terms and provisions relating to any other claims, demands or causes of action herein specified.

7. Plaintiff acknowledges that aside from the payments set forth in Paragraph 3 of this Agreement, he is owed no further remuneration or accrued benefit time by Releasees whatsoever, including, but not limited to any wages, commissions, spread of hours pay, tips, overtime pay, vacation or sick pay, accrued benefits, or bonuses.

8. Plaintiff agrees that he shall not make any: (a) statement, written, oral or electronic, which in any way disparages any Releasee, any employee Plaintiff knows to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices; or (b) negative statement, written, oral or electronic, about any Releasee, any employee Plaintiff knows to be employed by any Releasee, any Releasee's workplace, or any Releasee's business practices. Plaintiff further agrees to take no action which is intended, or would reasonably be expected, to harm any Releasee, or his reputation or which would reasonably be expected to lead to unwanted or unfavorable publicity to any Releasee. In addition, Loryn Marino agrees that she shall not make any: (a) statement, written oral or electronic, which in any way disparages Plaintiff; or (b) negative statement, written, oral or electronic about Plaintiff. Loryn Marino also agrees to take no action which is intended, or would reasonably be expected, to harm Plaintiff, or Plaintiff's reputation or which would reasonably be expected to lead to unwanted or unfavorable publicity to Plaintiff. Notwithstanding the provisions of this Paragraph 8, Plaintiff and Loryn Marino shall each be

5

entitled to provide truthful statements about their experience litigating this Action, about Plaintiff's claims in this Action, and about the resolution of this Action.

9. The Parties agree that, in an action arising from any alleged breach by Plaintiff of the Agreement, in addition to any remedies available to Releasees in law or equity for a breach thereof, if any Releasee is the prevailing party, Releasees shall be entitled to receive from Plaintiff liquidated damages in an amount equal to the Settlement Amount, as well as reasonable attorney's fees and costs.

10. Plaintiff affirms that he is not a Medicare or Medicaid Beneficiary (defined as any claimant for whom Medicare has paid Conditional Payments for the treatment of injuries arising out of or related to any matter released by this Agreement) as of the date of this Agreement and no conditional payment has been made to or on Plaintiff's behalf by Medicare or Medicaid.

11. Plaintiff further represents that he is not enrolled in a Medicare or Medicaid program and was not enrolled at the time of his employment with Releasees or anytime thereafter through the date of this Agreement. Plaintiff further represents and warrants that no Medicaid or Medicare payments have been made to or on behalf of Plaintiff and that no liens, claims, demands, subrogated interests, or causes of action of any nature or character exist or have been asserted arising from Plaintiff's employment with Releasees. Plaintiff further agrees that he, and not Releasees, shall be responsible for satisfying all such liens, claims, demands, subrogated interests, or causes of action that may exist or have been asserted or that may in the future exist or be asserted. In the event any action is commenced whereby any Releasee is pursued for payment in connection with the position of Plaintiff as a Medicare or Medicaid beneficiary, Plaintiff agrees to indemnify Releasees and hold Releasees harmless in full.

12. The Parties acknowledge that this Agreement does not constitute an admission by any of the Releasees of any wrongful action or violation of any federal or state statute, or common

6

law rights, including those relating to the provisions of any law or statute concerning employment actions, or any other possible or claimed violation of law or rights, or an admission by any of the Releasees that Plaintiff's claims have merit.

13. This Agreement shall not be interpreted in favor of or against either party on account of such party's counsel having drafted this Agreement.

14. Plaintiff acknowledges that he has not divested, hypothecated, or otherwise bargained away any interest he possesses in his purported claims. Plaintiff acknowledges and represents that he knows of no other person or entity that holds a remunerative interest in any plausible legal claims he could assert, and Plaintiff acknowledges and represents that there are no other persons or entities with standing to bring any plausible legal claims that could have been asserted by Plaintiff.

15. The Parties agree that they shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement.

16. This Agreement contains all the terms and conditions agreed upon by the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

17. The invalidity or unenforceability of any provision of this Agreement shall not affect the validity or enforceability of any other provisions of this Agreement, which shall remain in full force and effect.

18. This Agreement may only be modified, altered or changed in writing, signed by the Parties.

19. This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The Parties agree any Court of competent jurisdiction within the State of New York will have jurisdiction over this Agreement.

20. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. In addition, any scanned copies or facsimiled copies of this Agreement executed in any number of counterparts shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute one and the same instrument. All other notices and documents set forth herein shall be delivered to: counsel for Defendants, Michael Kaufman, Esq., Kaufman Dolowich & Voluck, LLP, 135 Crossways Park Drive, Suite 201, Woodbury, New York 11797, (516) 681-1100, facsimile (516) 681-1101, mkaufman@kdvlaw.com; and counsel for Plaintiff, Neil Frank, Frank & Boland, PC, 500 Bi-county Boulevard, Suite 465, Farmingdale, New York 11735, (631) 756-0400, nfrank@laborlaws.com.

**IN WITNESS WHEREOF**, Plaintiff and Defendants have duly executed this Settlement and Release Agreement freely and voluntarily.

_____
ALBER SAMAME

STATE OF NEW YORK  )
                   ) s.s.
COUNTY OF  Suffolk )

On  May 6 , 2019, before me personally came ALBER SAMAME, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement and Release Agreement, and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

> JOSEPH MYERS
> NOTARY PUBLIC, STATE OF NEW YORK
> Registration No. 02MY6373383
> Qualified in Suffolk County
> Commission Expires April 9, 2022

8

_____
JOSEPH CORY HOLDINGS LLC, d/b/a CORY 1st
CHOICE HOME DELIVERY
By: Marin M. Dragojevic
Title: Managing Partner

STATE OF NEW ~~YORK~~ Jersey )
                              ) s.s.
COUNTY OF __Union__            )

On __May 31st__, 2019, before me personally came __Marin Dragojevic__ who acknowledged himself/herself to be a __representative__ of Joseph Cory Holdings LLC, d/b/a Cory 1st Choice Home Delivery, and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his/her name for Joseph Cory Holdings LLC, d/b/a Cory 1st Choice Home Delivery.

_____
NOTARY PUBLIC

_____
JOSEPH CORY HOLDINGS, LLC OF NEW YORK,
d/b/a CORY 1st CHOICE HOME DELIVERY
By: Marin M. Dragojevic
Title: President

STATE OF NEW ~~YORK~~ Jersey )
                              ) s.s.
COUNTY OF __Union__            )

On __May 31st__, 2019, before me personally came __Marin Dragojevic__ who acknowledged himself/herself to be a __representative__ of Joseph Cory Holdings, LLC of New York, d/b/a Cory 1st Choice Home Delivery, and that he/she, as such, being authorized so to do, executed the foregoing Settlement and Release Agreement for the purposes therein contained, by signing his/her name for Joseph Cory Holdings, LLC of New York, d/b/a Cory 1st Choice Home Delivery.

_____
NOTARY PUBLIC

**KAREN R. FARIA**
**NOTARY PUBLIC OF NEW JERSEY**
**My Commission Expires 11/8/2022**

Settlement approved & case closed
/s/ Arthur D. Spatt
USDJ    7/10/19

9